UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Herman M. Gethers, | ) | C/A No. 4:15-cv-03614-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Ms. Kaydria Davis, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual Background

Herman M. Gethers ("Plaintiff") is an inmate at Lieber Correctional Institution in Ridgeville, South Carolina. In the Complaint under review, Plaintiff sues a resident of Myrtle Beach, South Carolina who appears to have been the complaining witness in the Horry County criminal case that resulted in his current incarceration. Compl. 2, ECF No. 1. He alleges that Defendant was coerced into providing false testimony about him, and he asks this court to relieve him from his conviction and sentence, to force Defendant to tell the truth, and to order paternity testing. *Id*. at 3-5. Plaintiff also seeks damages from Defendant in the amount of $100,000. *Id*. at 4.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Initially, to the extent that Plaintiff seeks damages from Defendant based on the testimony or evidence that she provided during his prosecution and trial, Plaintiff's Complaint is barred by the doctrine of witness immunity. A rule of absolute witness immunity has been

adopted by the majority of federal courts of appeals, even when, unlike here, the witness who is being sued satisfies the "state actor" requirement for a claim brought in federal court under 42 U.S.C. § 1983. *See Brawer v. Horowitz*, 535 F.2d 830, 836- 37 (3d Cir. 1976) (lay witness in federal court); *Burke v. Miller*, 580 F.2d 108 (4th Cir. 1978) (state medical examiner); *Charles v. Wade*, 665 F.2d 661 (5th Cir. 1982) (police officer witness); *Myers v. Bull*, 599 F.2d 863, 866 (8th Cir. 1979) (police officer witness); *Blevins v. Ford*, 572 F.2d 1336 (9th Cir. 1978) (private witnesses and former assistant U.S. attorney).[1] Additionally, since the United States Supreme Court's decision in *Briscoe v. LaHue*, 460 U.S. 325 (1983), most circuits have rejected § 1983 claims alleging that the defendants who were testifying witnesses were not entitled to absolute immunity because they were engaged in a conspiracy with each other or with the prosecutor to offer perjurious testimony in a criminal case against the plaintiff. *See Franklin v. Terr*, 201 F.3d 1098, 1101-02 (9th Cir. 2000); *Hunt v. Bennett*, 17 F.3d 1263, 1267-68 (10th Cir. 1994); *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992); *McArdle v. Tronetti*, 961 F.2d 1083, 1085-86 (3d Cir. 1992); *House v. Belford*, 956 F.2d 711, 720-21 (7th Cir. 1992); *Miller v. Glanz*, 948 F.2d 1562, 1570-71 (10th Cir. 1991); *Alioto v. City of Shively*, 835 F.2d 1173, 1174 & n.1 (6th Cir. 1987).

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). To state a cause of action under § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In the Complaint now under review, Plaintiff does not cite to § 1983 as the basis for his claims against Defendant; however, even if he had done so, the claims would not be plausible because Defendant appears to be a private person and not a state actor.

Furthermore, to the extent that Plaintiff requests injunctive relief from this court in the nature of "relief of his conviction and sentence" and an order for paternity testing, the Complaint under review is barred by the United States Supreme Court case of *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck*, the Court stated:

> We hold that, in order to recover damages [or other relief][2] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages [or other relief] in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87. By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Plaintiff's assertions of perjured testimony used as a basis for his conviction, if true, would necessarily invalidate the conviction, which has not been set aside by appeal, post-conviction relief ("PCR"), habeas corpus, or otherwise. Also, because Plaintiff is currently incarcerated on the conviction that was allegedly based, at least in part, on Defendant's testimony, it is clear that he has not been successful in having his 2002 Horry County conviction set aside by way of appeal, PCR, habeas

---

[2] *See Johnson v. Freeburn*, 29 F. Supp. 2d 764, 772 (S.D. Mich. 1998) (under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) (injunctive relief sought).

corpus, or otherwise. As result, he cannot sue Defendant for either damages or injunctive relief based on her involvement in his prosecution and ultimate conviction.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

October 15, 2015                                      Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).